MOORE, Chief Justice
(concurring specially).
I fully concur in the main opinion. I write separately to comment on that portion of the preliminary injunction entered by the Montgomery Circuit Court that states that the State comptroller, Thomas L. White, Jr., “must, in all future pay periods, honor all employee requests for payroll deductions pertaining to, or involving,” the Alabama Education Association (“the AEA”) and the Alabama State Employees Association (“the ASEA”). This portion of the order effectively absolves the plaintiffs from having to obey § 17-17-5(b)(1), Ala.Code 1975, which states: “No person in the employment of the State of Alabama ... may arrange ... by salary deduction or otherwise for any payments for the dues of any person so employed to a membership organization which uses any portion of the dues for political activity.” Under the trial court’s injunction, the comptroller must honor “all employee requests for payroll deductions” for the benefit of the AEA and the ASEA regardless of whether those organizations use that revenue for political activity.
The complaint seeks relief from enforcement of guidelines issued by the comptroller on the ground that the guidelines were improperly implemented. The complaint does not seek to enjoin the statute itself. Even though the validity of § 17-17-5(b)(1) is not at issue in this case, the trial court’s preliminary injunction effectively suspends operation of that statute as it applies to the AEA and the ASEA and is due to be reversed.